UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON LLOBEL, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>    -against-<br><br><br>RW EXPRESS LLC d/b/a AIRLINK NEW YORK, VSJ TRANSPORTATION INC., LASANI TRANSPORTATION INC., DIAMOND & GOLD TRANSPORTATION INC, ASHLEY F. & L. INC., TOTAL TRANSPORTATION INC., RIGHT TURN TRANSPORT LLC, SHIMON KLUGER, LIONEL SINGH, ALVIN SINGH, and JACK TULIP,<br><br>            Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**Collective Action and Class Action Complaint** |

Plaintiffs RAMON LLOBEL individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD and THE NEW YORK LEGAL ASSISTANCE GROUP, alleges against Defendants RW EXPRESS LLC d/b/a AIRLINK NEW YORK, VSJ TRANSPORTATION INC., LASANI TRANSPORTATION INC., DIAMOND & GOLD TRANSPORTATION INC, ASHLEY F. & L. INC., TOTAL TRANSPORTATION INC., RIGHT TURN TRANSPORT LLC, SHIMON KLUGER, LIONEL SINGH, ALVIN SINGH, and JACK TULIP as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

      2.     Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

      3.     Defendant RW Express is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Queens County.

      4.     Defendant VSJ is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Queens County.

      5.     Defendant Lasani is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Queens County.

      6.     Defendant Diamond & Gold is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Kings County.

      7.     Defendant Ashley is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Queens County.

8.    Defendant Total is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Suffolk County.

9.    Defendant Right Turn is a domestic business corporation organized and existing under the laws of the State of New York and maintaining its principal place of business in Queens County.

10.    Upon information and belief, at all times relevant hereto, Defendants were a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

11.    Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

12.    Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13.    At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

14.    Defendants have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") §§ 2, 190, and 651.

15.    Airlink provides transportation services to and from airports in the New York City area.

16.     To provide those services, Airlink entered into contracts with various van operators, including Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn and those van operators directly service Airlink's employees.

17.     These van operators allegedly owned the vans and nominally employed Airlink's drivers.

18.     Defendant Kluger, upon information and belief, owns and operates Airlink.

19.     Defendant Kluger, upon information and belief, hires management employees, interacts with drivers, including Plaintiff, and approves pay practices.

20.     Defendants Lionel Singh and Alvin Singh were van operators who directly employed Plaintiff during his employment.

21.     Plaintiff had previously worked for Airlink and was rehired in November 2016.

22.     Defendant Airlink assigned Plaintiff and other similarly situated employees to work for specific van operators, including the other Defendant van operators in this case.

23.     Defendant Airlink and the van operators decided which days Plaintiff and other similarly situated employees would work.

24.     Plaintiff called the dispatcher in the morning to get a list of passengers and the dispatcher would give Plaintiff jobs throughout the day.  Plaintiff had to take jobs and could not reject them.

25.     Plaintiff was supervised by Jack Tulip, Defendant Airlink's Logistics Manager and various dispatchers who assigned Plaintiff work.

26.     Nahid [LNU], Airlink's supervisor of the drivers, told Plaintiff how he would be paid, including the amounts he would earn.

27.    Plaintiff was paid as follows.  Plaintiff would get cash from customers and would be permitted to keep some of the cash, and Plaintiff received checks from various Defendants.

28.    At the beginning of Plaintiff's employment in 2016, Jack Tulip told him that he could keep the cash that customers provided as part of his pay.

29.    Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn each provided services to Airlink.

30.    Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn's business shifted between each other and other companies without any interruption.

31.    Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn each owned a van that Airlink required display an Airlink decal.

32.    Each Defendant's employees used Airlink's daily tip sheet.

33.    Defendant Airlink required each of the van operators' employees, including Plaintiff, to wear an Airlink uniform and Airlink issued those employees an Airlink pass.

34.    Plaintiff worked for each company and purportedly drove vans owned by each company.

35.    No Defendant, aside from Airlink, trained Plaintiff.  For example, Nahid trained Plaintiff on how to use Airlink's app.

36.    Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn's employees provided services that were integral to the services that Defendant Airlink provides.

37.    Without drivers, Airlink could not provide transportation services to its customers, which was its entire business model.

38.     Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn employees' employment shifts from one entity to another.

39.     Employees shifted between the various Defendants with no change in their work circumstances.

40.     Indeed, Defendant Airlink assigned Plaintiff to work for the specific Defendant van operators.

41.     According to Airlink, Plaintiff worked for Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn, yet Plaintiff was not even aware of some of these companies.

42.     Plaintiff's work did not require any special skills.  He merely drove a passenger van.

43.     Airlink monitors and controls the work performed by Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn's employees in various ways.

44.     Airlink dispatchers, Manager of Logistics, Jack Tulip, and Airlink owners supervised Plaintiff and other similar employees.

45.     As noted above, these Airlink employees assigned work to Plaintiff and other similar employees.

46.     Airlink sets the compensation to be paid to Plaintiff and similar employees and allowed Plaintiff and similar employees to take reimbursement for their expenses, including gas, from the cash they received from customers.

47.     Finally, Plaintiff worked exclusively for Airlink when employed by them.

48.     Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn Franchises operate their companies as an agent of Airlink.  At all relevant times Airlink has

directed and controlled Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn's operations, including by controlling the material terms and conditions of employment of Plaintiffs and all other similarly situated employees.

49.    Plaintiff reasonably believed that he was employed by Airlink. Plaintiff drove vans with an Airlink decal, wore Airlink uniforms, used an Airlink ID, and was issued instructions by Airlink employees, including dispatchers.

50.    Airlink negligently failed to correct Plaintiff's misunderstanding. Airlink never advised Plaintiff that Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn, rather than Airlink was his employer.

51.    Airlink failed to monitor Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn to ensure that they complied in their pay practices with the FLSA and NYLL.

52.    Given the extent of Airlink's control over Defendants VSJ, Lasani, Diamond, Ashley, Total, and Right Turn and Plaintiff's work, Plaintiff was not negligent in believing that Airlink was his employer.

53.    Defendant Kluger possessed the authority to hire and fire employees, supervise their work schedules, set their rates of pay, and maintain payroll records.

54.    Defendants Alvin and Lionel Singh possessed the authority to hire and fire employees, supervise their work schedules, set their rates of pay, and maintain payroll records.

### NATURE OF THE ACTION

55.    Plaintiffs bring this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage

Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint based upon the following acts and/or omissions which Defendants committed:

    i.   Defendants' failure to pay the applicable minimum wage for each hour Plaintiffs worked as required by federal and state law and regulations;

    ii.   Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

    iii.   Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195;

    iv.   Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 142-2.4; and

    v.   Defendants' policy to take unlawful deductions from Plaintiff's pay in contravention of NYLL § 193.

56.    Defendants also violated FLSA § 215 and NYLL § 215 by terminating Plaintiff shortly after he complained about being improperly paid.

57.    Plaintiff also asserts a claim under the New York City Human Rights Law, N.Y.C. Admin. Code, 8-101 § *et seq*. ("NYCHRL") against Defendants for intentionally and unlawfully discriminating against Plaintiff on the basis of age.

58.    Plaintiff also asserts a claim under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. ("NYSHRL") against Defendants for intentionally and unlawfully discriminating against Plaintiff Sanchez on the basis of age.

59.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

60.     As noted below, Defendant Airlink intentionally set Plaintiff's pay at less than the minimum wage and intentionally declined to pay him overtime pay.

61.     Airlink was aware of its minimum wage and overtime pay obligations, yet intentionally and willfully failed to comply with them.

## FACT ALLEGATIONS

### I.     Defendants' Wage and Hour Violations.

62.     Plaintiff worked for Defendants sporadically beginning in 2004 as a driver driving an Airlink passenger van.

63.     In November 2016, Plaintiff returned to work for Airlink.

64.     Upon Plaintiff's rehiring, Defendants agreed to pay him a per passenger rate of $4 per passenger for the first thirty passengers and $3 per passenger after the first thirty passengers.

65.     As a result of this pay structure, Plaintiff generally earned between $90 and $140 per day.

66.     Plaintiff generally worked Saturday, Sunday, and Monday and often worked Tuesday.   On some occasions, Plaintiff worked 5 days in a week.

67.     Plaintiff generally worked long days, often 14 hours a day and often as long as 19 hours.

68.     Defendant Airlink's dispatcher assigned Plaintiff customers that he would pick up.

69.     Given the volume of customers, Plaintiff generally began work in the late morning and worked until late at night.

70. For example, in the workweek beginning April 8, 2017 and ending on April 12, 2017, Plaintiff began work between 10:30 a.m. and 12:30 p.m. and finished work between 10:30 p.m. and 12:30 a.m. Plaintiff worked 58.5 hours that week.

71. Defendants did not pay Plaintiff any overtime pay for that work.

72. Defendants did not pay Plaintiff an overtime premium of 150% of his regular rate for his hours worked in excess of 40.

73. Similarly, in the workweek beginning January 28, 2017 and ending on February 1, 2017, Plaintiff received a total of $396 for 50 hours of work, even though the minimum wage was $11 per hour.

74. Plaintiff's workload did not allow him to take any significant breaks.

75. Plaintiff also did not receive any additional payments when he worked more than 10 hours in a day.

76. Defendants failed to provide Plaintiff with a wage notice or wage statements in compliance with NYLL § 195.

77. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

78. Defendants also did not provide Plaintiff with an accurate paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours he worked, or any other information required under NYLL § 195.

79. Defendants also unlawfully deducted from Plaintiff's pay.

80. These and other deductions violated NYLL § 193, which prohibits unlawful deductions.

81.     For example, customers often paid for Airlink's services through vouchers.

82.     Plaintiff would provide the customer vouchers to Airlink through a drop box.

83.     If the vouchers got lost, however, Defendants would deduct from Plaintiff's pay the full cost of the vouchers.

84.     Further, Defendant Airlink deducted from Plaintiff's pay if he was late in providing the vouchers and other paperwork to it.

## II.     Defendants' Age Discrimination Against Plaintiff.

85.     Defendants discriminated against Plaintiff because of his age.

86.     Plaintiff is 59 years old and was born in 1962.

87.     The Logistics Manager, Jack Tulip, himself significantly younger than Plaintiff, repeatedly told Plaintiff that he was too old for the job and that the job was not for him.

88.     The first time Mr. Tulip made the comment, Plaintiff responded that his years of experience made him an asset to the company.

89.     Mr. Tulip later told Plaintiff that he was too old for the job and cannot handle the pressure.

90.     In response, Plaintiff told Mr. Tulip that the comments were discriminatory based on his age.

## III.     Defendants' Retaliation Against Plaintiff for Complaining About His Wages.

91.     Defendants improperly terminated Plaintiff because he complained about not being paid properly.

92.     Plaintiff regularly complained about Defendants' myriad unlawful pay practices.

93.     On or about April 22, 2019, Plaintiff texted his Airlink supervisor to tell her that he was going to complain to the Department of Labor and the Defendant of Transportation because of the irregular wage scheme.

94.     Only a few days later on April 25, 2019, Defendants terminated Plaintiff.

**IV.    Collective Action Allegations Under the FLSA.**

95.     Defendants' violations of the FLSA and NYLL extend beyond Plaintiff to all other similarly situated employees.

96.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former drivers and other employees performing similar duties employed by Defendants pursuant to 29 U.S.C. § 216(b).

97.     Plaintiff's Consent to Sue forms are attached as **Exhibit 1**.

98.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

99.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## V.   Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

100.   Plaintiff brings this action collectively on behalf of himself and other similarly situated drivers who worked for Defendants but who did not receive compensation required by the NYLL in respect to their work for Defendants within the statute of limitations.

101.   Upon information and belief, this class of persons consists of not less than 100 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

102.   There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

103.   The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

104.   Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

105.   A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

106.   Plaintiff brings the third through seventh claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations)

107.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

109.    Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

110.    Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

111.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

112.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

113.    At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

114.    Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)

115.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

116.    Defendants knowingly and willfully paid Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

117.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

118.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

119.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

120.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

121.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(NYLL Failure to Notify)**

122.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

123.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

124.    Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

125.    Defendants failed to provide Plaintiff and other similarly situated employees with a notice or accurate paystub in accordance with §195 of the NYLL.

126.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Spread-of-Hours)

127.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

128.    Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiffs for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

129.    Although Plaintiff and other similarly situated employees regularly worked more than 10 hours each day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

130.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Unlawful Deductions)

131.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

132.    Pursuant to NYLL §193, it was unlawful for Defendants to deduct from Plaintiff and other similarly situated employees' wages unless the deductions were for their benefit and was authorized in writing by Plaintiff and other similarly situated employees.

133.    Defendants routinely deducted from Plaintiff and other similarly situated employees' wages in contravention of NYLL §193.

134.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF
**(NYLL Retaliation)**

135.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

136.    New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because" such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

137.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

138.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be

determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (FLSA Retaliation)

139.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

140.    29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

141.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

142.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## TENTH CLAIM FOR RELIEF
### (Age Discrimination under the NYCHRL)

143.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

144.    Defendants engaged in a hostile work environment against Plaintiff, intentionally, willfully, and in violation of the NYCHRL.

145.    As a result, Plaintiff seeks front pay, back pay, damages for emotional distress, punitive damages, interest, costs, and reasonable attorneys' fees, as well as such other legal and equitable relief as this Court deems just and proper.

### ELEVENTH CLAIM FOR RELIEF
#### (Age Discrimination under the NYSHRL)

146.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

147.    Defendants engaged in a hostile work environment against Plaintiff, intentionally, willfully, and in violation of the NYSHRL.

148.    As a result, Plaintiff seeks front pay, back pay, damages for emotional distress, punitive damages, interest, costs, and reasonable attorneys' fees, as well as such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

[No more text on this page]

G. Any relief the Court deems just and proper.

Dated:  December 8, 2021
        New York, New York

                                   Respectfully submitted,

                                   *Michael Taubenfeld*

                                   Michael Taubenfeld, Esq.
                                   FISHER TAUBENFELD LLP
                                   225 Broadway, Suite 1700
                                   New York, New York 10007
                                   Phone: (212) 571-0700

                                   Beth E. Goldman, Esq.
                                   Elissa S. Devins, Of Counsel
                                   New York Legal Assistance Group
                                   7 Hanover Square, 18th Floor
                                   New York, NY 10004
                                   Phone: (646) 283-4175

                                   *ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by RW EXPRESS LLC d/b/a AIRLINK NEW

YORK and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I

agree that I am bound by the terms of the Professional Services Agreement signed by me in this

case.

Lobell
_____
NAME

_____
SIGNATURE