# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

August 22, 2022

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re: Llobel v. RW Express LLC *et. al.*
                Case No.: 21-cv-6815 (AMD)(RML)

Dear Judge Levy:

       This firm represents Plaintiff in the above-referenced matter. We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Attached is the parties' settlement agreement as **Exhibit 1**. The parties ask that the Court not dismiss this action until the settlement payment in this action has been paid and the parties submit a stipulation of dismissal.

       **1. Background to the Settlement.**

       Plaintiff was a driver who drove vans transporting customers to airports in New York City from 2016 until April 2019. RW Express LLC d/b/a Airlink New York entered into agreements with van owners to provide such transportation, and the van owners hired drivers including Plaintiff. Plaintiff alleges that he was paid a rate for each trip and was not paid proper minimum wages, overtime wages, or spread-of-hours wages. Plaintiff also alleges that he never received a wage notice upon hire or proper paystubs during his employment under NYLL §195. Finally, Plaintiff alleges that he was terminated from his position both because of his age and because he complained about how he was paid.

       Plaintiff brought this action against RW Express, his direct employers (the companies that owned the vans), two employees of RW Express, and some of the owners of the van companies. Plaintiff alleged that RW Express was a joint employer under the FLSA and NYLL because it had significant control over his work and therefore is liable for all damages. RW Express denied these allegations and asserted that it is not a joint employer under the FLSA or NYLL because Plaintiff worked directly for the van companies and it did not exercise control over him. RW Express also denied that the van companies terminated Plaintiff because of his age or

his complaints about his pay. All other Defendants, aside from RW Express' employees (Shimon Kluger and Jack Kuldip s/h/a Jack Tulip), defaulted in this matter.

Plaintiff calculated his best-case scenario wage damages as $79,175.00, which is broken down as follows: $20,520.41 in minimum wage damages, $11,704.59, in ovetime wage damages, $4,725 in spread-of-hours damages, $36,950 in liquidated damages, and $10,000 under NYLL §195. These damages were based entirely on Plaintiff's recollection. Plaintiff also calculated damages of $177,941.43 for his alleged termination based on his age and complaints about his pay.

The parties immediately began negotiations before RW Express even filed an answer. RW Express expressed its view that it was not Plaintiff's employer and therefore not liable under any statute in this case. But more importantly, RW Express credibly represented that due to COVID restrictions in New York City, which prohibited precisely the van-sharing services that RW Express provided, it has had a substantial drop in revenue since March 2020. Ultimately, the parties agreed to settle for $50,000. Subsequently, the parties signed a settlement agreement. Under the agreement, the $50,000 will be paid as follows:

  i. To Plaintiff $36,678.75;
  ii. To Fisher Taubenfeld LLP $13,321.25.

New York Legal Assistance Group is waiving any fees or costs in this matter. My firm is receiving reimbursement for costs plus 25% of the settlement amount after the deduction of $1,095.00 in costs, which are comprised of (1) $402 for the filing fee; and (2) $693 for service costs.

In exchange for the $50,000 payment, Plaintiff agrees to a release of only the claims in this case and not a general release of all claims. Plaintiff is also agreeing to release claims against all Defendants, not just RW Express and its employees, and will not be proceeding against the other defendants, all of whom have defaulted.

As security for the payment, there parties also agree to submit a stipulation of dismissal to the Court only once RW Express makes the payment. Plaintiff therefore does not have to worry about engaging in collections if RW Express declines to make the settlement payment.

**2. The Settlement is Fair and Reasonable.**

The settlement is fair and reasonable. First, the agreement was negotiated at arms-length between competent counsel. Further, Plaintiff's recovery is excellent. Plaintiff is receiving all of his overtime, minimum wage, and spread-of-hours damages even after attorneys' fees and costs. Moreover, this litigation is in its infancy, and Plaintiff will not have to wait, potentially for years, to recover anything after a trial and appeals. And, of course, RW Express disputes that Plaintiff ever worked for it and would also likely dispute his hours. The end result of this case could be that Plaintiff recovers less, and there is a significant chance that the Court would grant RW Express' anticipated motion to dismiss or for summary judgment based on it not being an

employer. Finally, RW Express disputes Plaintiff's retaliation and age discrimination claims, which would have to be decided by a trier of fact after years of litigation and would be subject to the same employer defense.

Perhaps more crucially than the legal risks, RW Express had a significant decline in revenue during COVID when it could not provide van-sharing services in New York City. Similarly, the defaulting Defendants, which were the van companies and their owners, likely also suffered crippling financial circumstances due to COVID. It is therefore unlikely that Plaintiff could litigate this case through trial and appeal, only to face a wave of collection challenges. Given the substantial amount of the settlement and the large risks that Plaintiff would be taking if he proceeded, this settlement is fair and reasonable.

Finally, my firm's attorneys' fees are fair and reasonable as well. My firm will be receiving $12,226.25 fees, which is 25% of the total amount after deducting $1,095.00 in costs. Courts in this District regularly approve one-third contingency fees, and my firm is receiving only 25% of the settlement. See, e.g., Ezpino v. CDL Underground Specialists, Inc., No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")

We greatly appreciate the Court's attention to this matter.

                              Very truly yours,
                              --------------/s/------------
                              Michael Taubenfeld

Encl.

# EXHIBIT 1

DocuSign Envelope ID: 661214CA-312C-45A5-90C9-F9E6D775D02A

SKD 8/15/2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON LLOBEL, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　-against-<br><br>RW EXPRESS LLC d/b/a AIRLINK NEW YORK, VSJ TRANSPORTATION INC., LASANI TRANSPORTATION INC., DIAMOND & GOLD TRANSPORTATION INC, ASHLEY F. & L. INC., TOTAL TRANSPORTATION INC., RIGHT TURN TRANSPORT LLC, SHIMON KLUGER, LIONEL SINGH, ALVIN SINGH, and JACK TULIP,<br><br>　　　　　Defendants. | Case No.: 22-cv-6815 (RML) |

**SETTLEMENT AGREEMENT
AND FULL AND FINAL RELEASE OF ALL CLAIMS IN THIS LAWSUIT**

This Settlement Agreement and Full and Final Release of all Claims in this Lawsuit ("Agreement") is entered into as of this 22nd day of August 2022 by Plaintiff RAMON LLOBEL and Defendant RW EXPRESS LLC d/b/a AIRLINK NEW YORK ("RW Express") (Plaintiff and RW Express are the "Parties").

**WHEREAS** Plaintiff commenced the within action (the "Action") asserting, among other things, claims arising from and related to his employment by RW Express;

**WHEREAS** RW Express and Defendants SHIMON KLUGER ("Kluger") and JACK KULDIP s/h/a JACK TULIP ("Kuldip") deny the allegations and deny all liability;

1

**WHEREAS** Defendants VSJ TRANSPORTATION INC., LASANI TRANSPORTATION INC., DIAMOND & GOLD TRANSPORTATION INC, ASHLEY F. & L. INC., TOTAL TRANSPORTATION INC., RIGHT TURN TRANSPORT LLC, LIONEL SINGH and ALVIN SINGH ("Defaulting Defendants") all defaulted in this Action;

**WHEREAS** the Parties are desirous of resolving the present litigation and dispute between them;

**WHEREAS**, the Parties have now reached an agreement on all issues;

**WHEREAS,** it is expressly understood that Plaintiff and RW Express have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

**WHEREAS,** the Parties agree to submit this Agreement to the Court for its approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **Payments**:

    a. RW Express agrees to pay $50,000 to Plaintiff and Fisher Taubenfeld LLP in full resolution of Plaintiff's claims in the Action ("Settlement Payments"). By the later of (1) September 1, 2022 or (2) 5 days after the Court approves this Agreement, RW Express agrees to pay the Settlement Payments broken down as follows: to Plaintiff $36,678.75 and to Fisher Taubenfeld LLP $13,321.25.

    b. The payment to Plaintiff shall be issued in Plaintiff's name or direct deposit into his bank account. The check shall not have withholdings and deductions taken and an IRS

Form 1099 shall be issued. All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

c.  All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses. These payments will be issued via check made out to Fisher Taubenfeld LLP or direct deposit into the firm's bank account and shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

d.  Plaintiff agrees to indemnify and hold harmless RW Express for any tax consequences to RW Express resulting from his failure to pay his share of taxes arising from the Settlement Payments. As a condition to making the Settlement Payments, Plaintiff and Plaintiff's counsel shall first provide counsel for RW Express with completed IRS Forms W-9.

e.  In the event that any of the Settlement Payments required hereunder are not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to RW Express' counsel in accordance with Paragraph 7 of this Agreement. RW Express shall have ten (10) calendar days to cure the breach by paying the past due payment. If RW Express fails to cure the Breach within ten (10) calendar days of service of the Notice of Breach, the Agreement shall be null and void and the Action shall proceed in Court, except that Plaintiff shall be entitled to any attorneys' fees and costs incurred in submitting the Agreement to the Court for review, negotiating the settlement, drafting the Agreement, and preparing the motion to approve the settlement.

2. **Release of Claims:**

3

Plaintiff waives all claims against RW Express, Kluger, Kuldip and Defaulting Defendants and releases and forever discharges them and their respective affiliated companies, corporate parents, subsidiaries, departments, employees, members, officers, directors, attorneys, agents, heirs, executors and administrators, whether as individuals or in their official capacity, to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Plaintiff may have against any of them (1) under the Fair Labor Standards Act, New York Labor Law, New York State Human Rights Law, and New York City Human Rights Law, or (2) otherwise arising from the claims and/or allegations in the Action. This Agreement is not intended to, and does not, release rights or claims that arose or may arise after the date of the Agreement, including without limitation any rights or claims that Plaintiff may have to secure enforcement of the terms and conditions of this Agreement. Plaintiff further agrees to dismiss with prejudice the Action or any other any pending civil lawsuit or arbitration covered by the Release of Claims.

3. **Dismissal, No Future Lawsuits:**

Plaintiff shall cause his attorney to execute a Stipulation of and Order of Dismissal, attached as **Exhibit 1**, dismissing the Action in its entirety with prejudice, including against RW Express, Kluger, Kuldip and all Defaulting Defendants. Within two (2) business days of RW Express' making the payment under Paragraph 1 of the Agreement, counsel for Plaintiff shall file the fully executed Stipulation and Order of Dismissal with the Court in the Action. Plaintiff shall also submit this Agreement, along with any necessary documentation, to obtain a finding from the Court that this Agreement is fair and reasonable.

4. **Integration Clause:**

This Agreement constitutes the entire and only understanding and agreement among Plaintiff and RW Express respecting the subject matter of this action. All prior or

contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

5. **Additional Clauses:**

   a. This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

   b. This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

   c. This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

   d. This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

   e. In the event any Party (the "Enforcing Party") is required to employ legal counsel to enforce the terms of this Agreement or to incur other expense to enforce any obligation of the other Parties, or to defend against any claim, demand, action, or proceeding by reason of

the other Parties (the "Defaulting Party") failure to perform any obligation imposed by this Agreement, then if the Enforcing Party prevails in any such action, the Enforcing Party shall be entitled to recover from the Defaulting Party the amount of all reasonable attorney's fees, and all other expenses, incurred by the Enforcing Party in enforcing such obligation or in defending against such claim, demand, action, or proceeding, whether incurred prior to or in preparation for or contemplation of the filing of such action or thereafter.

    f.  Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

    g.  The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Eastern District of New York to enforce the terms of this Agreement.

    h.  Kluger, Kuldip and the Defaulting Defendants are intended third party beneficiaries of this Agreement.

6.  **Non-Admission**.

This Agreement does not constitute, and shall not be interpreted as, an admission by either of the Parties of any liability or wrongdoing, including but not restricted to any breach of contract, actual or implied, violation of any federal, state, or local law, regulation, order, or other requirement of law, commission of any tort, or any other civil wrong whatsoever.

7.  **Representations and Warrants.** Each of the Parties herein:

    7.1  Expressly acknowledges and affirms that the only consideration for their execution of this Agreement is that stated above, that no other promise or agreement of any kind

has been made to or with them by any person or entity whomsoever to cause them to execute this Agreement and that they fully understand the meaning and intent of this Agreement.

       7.2       Warrants and represents (i) that it has not assigned, transferred or purported to assign or transfer, to any third party, any claim that has been or could have been asserted in the Action, or otherwise against the other, and (ii) that other than the Action, that neither Party is a party or otherwise involved in, or authorized the commencement of any lawsuit or administrative proceeding against the other Party.

       7.3       Warrants and represents that the signatories to this Agreement have the authority to enter into this Agreement and that the execution thereof does not violate the rights of any person or entity.

**8.** **Notices**:

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Alan Katz, Esq., Saretsky Katz & Dranoff, L.L.P., email address: akatz@skdllp.com. If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com and Elissa Devins, Esq. New York Legal Assistance Group, email address: devins@nylag.org. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

**9. Counterparts**:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures, including via DocuSign, shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

DocuSign Envelope ID: 661214CA-312C-45A5-90C9-F9E6D775D02A

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT

Dated: 8/16/2022       By: _____
                           RAMON LLOBEL

                           RW EXPRESS LLC d/b/a AIRLINK NEW YORK,

Dated: 8/19/2022       By: _____
                           ZEV MARMURSTEIN

8

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMON LLOBEL, individually and on behalf of others similarly situated,

    Plaintiff,

-against-

RW EXPRESS LLC d/b/a AIRLINK NEW YORK, VSJ TRANSPORTATION INC., LASANI TRANSPORTATION INC., DIAMOND & GOLD TRANSPORTATION INC, ASHLEY F. & L. INC., TOTAL TRANSPORTATION INC., RIGHT TURN TRANSPORT LLC, SHIMON KLUGER, LIONEL SINGH, ALVIN SINGH, and JACK TULIP,

    Defendants.

Case No.: 22-cv-6815 (RML)

**STIPULATION AND ORDER OF DISMISSAL**

    **IT IS HEREBY STIPULATED** by and between Plaintiff and Defendant RW Express LLC that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

    **IT IS HEREBY STIPULATED** that this matter should be dismissed with prejudice against all Defendants.

    **IT IS FURTHER STIPULATED AND AGREED** that the United State District Court for the Eastern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated August 22, 2022.

    **IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on August 22, 2022 is fair and reasonable.

DocuSign Envelope ID: 661214CA-312C-45A5-90C9-F9E6D775D02A

FISHER TAUBENFELD LLP

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
225 Broadway, Suite 1700
New York, New York 10007
*Attorneys for Plaintiff*

SARETSKY KATZ & DRANOFF, L.L.P

By: _____
Alan Katz, Esq.
565 Taxter Road, Suite 210
Elmsford, New York 10523
*Attorneys for Defendant RW Express LLC*

NEW YORK LEGAL ASSISTANCE GROUP

By: *Elissa Devins*
Elissa Devins, Esq.
100 Pearl Street, 19th Floor
New York, New York 10004
*Attorneys for Plaintiff*

SO ORDERED:

_____
Hon. Robert M. Levy, U.S.M.J.

00301181.docx